UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JAMIE ELIJAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 4:17-CV-82-JVB-JEM |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Jamie Elijah, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing (WCC 17-03-262) where a Disciplinary Hearing Officer (DHO) found him guilty of assault and battery in violation of Indiana Department of Correction (IDOC) policy B-212 on April 7, 2017. ECF 1 at 1. As a result, he was demoted from Credit Class 1 to Credit Class 2. *Id*. The Warden has filed the administrative record and Elijah filed a traverse. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass*

*Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Elijah argues there are three grounds which entitle him to habeas corpus relief.

First, Elijah argues the DHO had insufficient evidence to find him guilty of assault and battery. ECF 1 at 3. Specifically, he contends that the only evidence of his guilt was Officer Hart's statement. *Id*. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Elijah was charged with and found guilty of offense B-212, which prohibits an inmate from "[c]ommitting a battery/assault upon another person without a weapon or inflicting bodily injury." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Elijah as follows:

> At approximately 9:30 a.m. while shaking down [illegible] Elijah, Jamie DOC # 117307, NI-EI-2L I, Ofc. M. Hart, removed what appeared to be a suboxone stripe from his right pocket of his shorts and he tried to wrestle it from me by grabbing my hand and trying to shake it loose.

ECF 6-1 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Elijah guilty of assault and battery. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In this case, Elijah assaulted Officer Hart and then Officer Hart wrote the conduct report. In the conduct report, Officer Hart memorialized her personal first-hand account of Elijah's assault by detailing the fact that, after she removed a suboxone stripe from inside the right pocket of Elijah's shorts, Elijah grabbed Officer Hart's hand and attempted to reclaim the stripe by shaking it loose from her hand. ECF 6-1 at 1. While the conduct report itself constitutes sufficient evidence of Elijah's guilt, the DHO also relied on an incident report as well as Elijah's statement in assessing his guilt. ECF 6-4 at 1, ECF 8 at 1. Because there was more than "some evidence" for the DHO to find Elijah guilty of assault and battery, the DHO's finding was neither arbitrary nor unreasonable in light of the facts in the conduct report and evidence contained in the record. Therefore, this ground does not identify a basis for habeas corpus relief.

Elijah next argues that his due process rights were violated because he was not provided with video evidence of the incident. ECF 1 at 2. Elijah explains he requested the video evidence because prison officers told him he was seen on camera assaulting or touching Officer Hart, however, he later learned there was no footage for him to view. *Id*. Thus, Elijah asserts prison officials violated prison rules or IDOC policy by not keeping or storing the video footage of the incident. *Id*.

3

As a threshold matter regarding this claim, Elijah has not met the exhaustion requirement contained in 28 U.S.C. § 2254(b). ECF 1 at 2. To have exhausted his administrative remedies, Elijah must have properly presented the issue at each administrative level. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). However, notwithstanding Elijah's failure to exhaust, the court may deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

As it pertains to the merits of Elijah's claim, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). Thus, Elijah's claim regarding violations of prison rules or IDOC policy can not be remedied in a habeas corpus petition. Therefore, the ground does not state a basis for habeas corpus relief.

Finally, Elijah argues that the DHO was biased or partial and "already had [him] stamped for guilt." ECF 1 at 2. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited

4

involvement in the events underlying the charge. *Id*. Because Elijah has not shown that the DHO was directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident, this ground does not state a basis for granting habeas corpus relief.

If Elijah wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Jamie Elijah's petition for writ of habeas corpus is DENIED and the Respondent's motion for leave to submit evidence with ex parte restrictions (ECF 7) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED on July 5, 2018.

                                                 s/ Joseph S. Van Bokkelen
                                                 JOSEPH S. VAN BOKKELEN
                                                 UNITED STATES DISTRICT JUDGE